**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4028**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP RYAN GARRISON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00072-WO-1)

─────────────

Submitted: September 29, 2011     Decided: October 4, 2011

─────────────

Before KING, GREGORY, and DUNCAN, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Ryan Garrison pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to 100 months' imprisonment. On appeal, Garrison contends that his base offense level was incorrectly calculated because he did not have two prior felony convictions of either a crime of violence or a controlled substance offense, as required by U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(a)(2) (2008). Garrison concedes that his 2004 North Carolina conviction for common law robbery is a qualifying predicate conviction. However, he asserts that his 2005 North Carolina convictions for two counts of attempted common law robbery were not punishable by a term of imprisonment exceeding one year. See USSG § 2K2.1 cmt. n.1 (defining "felony conviction"); § 4B1.2(a) (defining "crime of violence"). He reasons that, under the North Carolina Structured Sentencing Act, his maximum sentence was twelve months because no aggravating factors were either admitted or proven by the State. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2007) (applicable to offenses committed on or after Dec. 1, 1995, and on or before Nov. 30, 2009).[*]

---

[*] The North Carolina legislature subsequently amended the statute with regard to offenses committed on or after December 1, 2009, see Act of Aug. 28, 2009, 2009 N.C. Sess. Laws 555, (Continued)

2

When Garrison raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In view of Simmons, we will likewise sustain Garrison's objection.

Accordingly, while we affirm Garrison's conviction, which is not challenged on appeal, we vacate his sentence and remand to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED

---

§§ 1-2, and offenses committed on or after December 1, 2011. See Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192, § 2(e)-(f).